Filed 12/3/25  S.H. v. Superior Court CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| S.H.,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF FRESNO COUNTY,<br><br>    Respondent;<br><br>FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>    Real Party in Interest. | F090448<br><br>(Super. Ct. No. 24CEJ300032-1)<br><br><br>**OPINION** |

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  Mary Dolas, Judge.

S.H., in propria persona, for Petitioner.

No appearance for Respondent.

Douglas T. Sloan, County Counsel, and Ashley N. McGuire, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

[*]    Before Hill, P. J., Levy, J. and Detjen, J.

Petitioner S.H. (mother), in propria persona, seeks an extraordinary writ (Cal. Rules of Court, rule 8.452)[1] from the juvenile court's orders issued at a combined 12- and 18-month review hearing (Welf. & Inst. Code, § 366.22, subd. (a))[2] setting a section 366.26 hearing for January 6, 2026, as to her child, M.R. (the child). Mother seeks a writ directing the juvenile court to order that the child be returned to her custody, reunification services be continued, and dependency be terminated. We conclude mother's petition fails to comport with the procedural requirements of rule 8.452 regarding extraordinary writ petitions and dismiss the petition.

## PROCEDURAL AND FACTUAL SUMMARY

In February 2024, the Fresno County Department of Social Services (department) received a referral alleging inadequate living conditions and supervision. Mother was arrested on an active warrant, and the child was taken into protective custody. The department filed an original petition alleging the child was described by section 300, subdivision (b)(1). The petition alleged the child was at substantial risk of suffering serious physical harm due to mother's substance abuse problem.

On February 8, 2024, the juvenile court ordered the child detained, and a jurisdiction and disposition hearing was set for February 27, 2024. After multiple continuances, the allegations in the petition were found true on April 23, 2024, and the disposition hearing was continued. At the continued disposition hearing held on May 14, 2024, mother was ordered to participate in family reunification services. Services included parenting classes, substance abuse, mental health, and domestic violence assessments and recommended treatment, and random drug testing. No visits were to take place between the child and mother until a criminal protective order was modified or terminated. A six-month review hearing was set for November 12, 2024.

---

[1]      All further rule references are to the California Rules of Court.

[2]      All further statutory references are to the Welfare and Institutions Code.

In its report for the six-month review hearing, the department recommended the juvenile court continue family reunification services for mother. Mother had completed her parenting program, and she was attending two separate domestic violence programs. Mother was determined to not meet medical necessity for mental health services because she denied having any struggles or mental health concerns. Supervised visits were not occurring between mother and the child due to the criminal protective order.

There were no recommended substance abuse services due to mother's denial of substance use in her assessment. Mother provided positive results for tetrahydrocannabinol (THC)[3] during random drug tests from February to March 2024, but she failed to participate in random drug testing during the six-month review period. At a continued six-month review hearing held on December 3, 2024, mother was present and represented by counsel. The juvenile court continued family reunification services for mother, and a 12-month review hearing was set for March 25, 2025. The initial 12-month review hearing was continued at the department's request.

The department's report for the 12-month review hearing recommended the juvenile court terminate family reunification services for mother and set a section 366.26 hearing. Mother was not compliant with her drug testing, and her only completed drug tests revealed positive results for THC. She continued to disclose consistent marijuana use, but she claimed ongoing sobriety during substance abuse classes. Mother had been enrolled in domestic violence services for an entire year, but she still had over half of her sessions left to complete in each of her domestic violence programs. Despite her participation in domestic violence treatment, mother was arrested for a domestic violence incident in March 2025.

---

[3] Tetrahydrocannabinol is the main mind-altering ingredient found in the cannabis (marijuana) plant.

After multiple continuances, the 12-month review was reset as a combined and contested 12- and 18-month review hearing. The department submitted an addendum report on June 26, 2025. Another domestic violence incident took place at mother's home on June 9, 2025, and mother was arrested for a probation violation on June 23, 2025. Mother completed 23 of 52 classes for her batterer's intervention program and 28 of 52 classes for her child abuse intervention program. The child and mother participated in supervised visits on nine occasions since the termination of the criminal protective order in March 2025. Mother was still working on getting to know the child and handle her behaviors appropriately.

In the report for the combined review hearing, dated August 22, 2025, the department continued to recommend that mother's family reunification services be terminated. There were no visits between mother and the child in the past two months. Mother was released from custody on July 16, 2025, but she was not in communication with the social worker. There was no further progress made in either of mother's domestic violence classes, and she was not enrolled in random drug testing.

The contested 12- and 18-month review hearing was held on September 9, 2025. Mother was present and represented by counsel. The child's alleged father, Jose R. (father), made his first physical appearance in court, and he was also represented by counsel. The social worker testified regarding mother's lack of progress since she was released from custody. Mother testified that she was in the process of re-enrolling in her domestic violence and child abuse programs. She claimed she was unable to enroll in random drug testing due to transportation issues, but she acknowledged that she had friends and family provide her transportation for weekly visits, which she resumed on August 22, 2025.

Mother's counsel requested the child be returned to mother's custody, and she made an alternative request for additional family reunification services based on a substantial probability of return by the 24-month review period. After hearing argument

4.

from counsel, the juvenile court followed the department's recommendation to terminate family reunification services for mother. The court found mother did not meet criteria for additional services beyond the 18-month review period, and her progress was determined to be moderate. Supervised visitation between mother and the child was ordered to remain at once per week. A section 366.26 hearing was set for January 6, 2026.

## DISCUSSION

### *The Extraordinary Writ Petition*

As a general proposition, a juvenile court's rulings are presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) A parent seeking review of the court's orders from the setting hearing must file an extraordinary writ petition on Judicial Council form JV-825 in this court to initiate writ proceedings. The purpose of such petitions is to allow the appellate court to achieve a substantive and meritorious review of the juvenile court's findings and orders issued at the setting hearing in advance of the section 366.26 hearing. (§ 366.26, subd. (*l*)(4).)

Rule 8.452 sets forth the content requirements for an extraordinary writ petition. It requires the petitioner to set forth legal arguments with citations to the appellate record. (Rule 8.452(b).) In keeping with the dictate of rule 8.452(a)(1), we liberally construe writ petitions in favor of their adequacy, recognizing that a parent representing him or herself is not trained in the law. Nevertheless, the petitioner must at least articulate a claim of error and support it by citations to the record. Failure to do so renders the petition inadequate in its content and we are not required to independently review the record for possible error. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Here, mother's petition is inadequate in presenting a claim of error. She completed those sections of form JV-825 requiring identifying information and checked the box indicating she wants an order for reunification services to be continued, return of custody of the child, and termination of dependency. In the section where she is required to provide a summary of the factual basis for her petition, she states that she would like to

5.

appeal the juvenile court's decision. She also requests that this court review mother's progress in "classes, housing, [and] drug testing."

Mother did not provide any context from which this court could construe an alleged error by citing to relevant facts in the appellate record or any legal authority. Nowhere in the petition does mother assert that the juvenile court erred in finding it would be detrimental to return the child to her custody. Nor does she challenge the findings underlying the court's order terminating reunification services. She does not, for example, contend the reunification services offered by the department were not reasonable. Nor does she argue the court should have continued reunification services because she met the limited criteria for additional reunification services beyond the 18-month review period.

A party's "conclusory presentation, without pertinent argument or an attempt to apply the law to the circumstances of this case, is inadequate," and the contention will be found by the appellate court to have been abandoned. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) Without citation to authority or to the record, or any discussion supporting her conclusory statements, any challenge to the juvenile court's findings that return of the child would be detrimental, reasonable services were provided by the department, and there were no extraordinary circumstances to justify an extension of services is deemed abandoned. (See *Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1 [appellate court has no obligation to "develop the appellants' arguments for them"].) Consequently, she failed to raise a claim of reversible error. Therefore, her petition does not comply with rules 8.450 through 8.452 and is inadequate for appellate review.

Even if we were to construe mother's petition as a challenge to the juvenile court's decision to terminate mother's family reunification services, her claim lacks merit. The department provided mother with an opportunity to reunify with the child by referring her to services of domestic violence, parenting, and drug testing. The fact that mother

6.

continued to involve herself in a domestic violence relationship after completing a substantial portion of her program is reflective of mother's lack of reasonable effort as opposed to the department. Throughout the 18 months of services, mother was only able to complete her parenting program, and she consistently failed to comply with random drug testing. Based upon the record before us, we would conclude the court did not err when it failed to provide mother custody or reunification services. However, we dismiss mother's writ petition because it fails to comport with rule 8.452.

## DISPOSITION

The petition for extraordinary writ is dismissed. This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A).